Marcia Sundeen (D.C. Bar No. 370910)
Kenyon & Kenyon LLP
1500 K. Street N.W., Suite 700
Washington, D.C. 20005
Tel: (202) 220–4200
Fax: (202) 220–4201

*Attorney for Non-Party Marcia Sundeen*

*Of Counsel*:
John R. Hutchins
Kenyon & Kenyon LLP
1500 K. Street N.W., Suite 700
Washington, D.C. 20005
Tel: (202) 220–4200
Fax: (202) 220–4201

**UNITED STATES DISTRICT COURT**
**DISTRICT OF COLUMBIA**

| | |
|---|---|
| Marcia Sundeen<br>5503 Pollard Rd.<br>Bethesda, MD 20816<br><br>v.<br><br>Realtek Semiconductor Corp.<br>No. 2<br>Innovation Road II<br>Hsinchu Science Park<br>Hsinchu 300<br>Taiwan, R.O.C. | Civil Action No. _____<br><br>(Related Case No. 6:12-cv-578 (LED), U.S.<br>District Court for the Eastern District of<br>Texas) |

**BRIEF IN SUPPORT OF MOTION TO QUASH**
**REALTEK SEMICONDUCTOR CORP.'S SUBPOENA TO MARCIA SUNDEEN**
<u>**ISSUED IN THE EASTERN DISTRICT OF TEXAS**</u>

Pursuant to Rule 45 of the Federal Rules of Civil Procedure, Non-Party Marcia Sundeen

("Ms. Sundeen") respectfully submits this brief in support of her motion to quash the subpoena

served upon her in the District of Columbia by counsel for Defendant Realtek Semiconductor Corp. ("Realtek") in the litigation titled *Commonwealth Scientific and Industrial Research Organisation v. MediaTek Inc.*, *et al*., currently pending in the United States District Court for the Eastern District of Texas ("the Texas Action"). *See* Declaration of Caryn Harsche Cross in Support of Ms. Sundeen's Motion to Quash ("Cross Declaration"), Exhibit A (submitted herewith). As set forth below, Ms. Sundeen is not a fact witness with firsthand knowledge of any facts pertinent to the Texas Action. Ms. Sundeen had previously served as an expert witness adverse to Realtek in an unrelated case, and it appears that the current subpoena is an improper attempt by Realtek to obtain expert opinion testimony from an expert who is unretained in the Texas Action, in violation of Fed. R. Civ. P. 45(d)(3)(B)(ii).[1]

## I.     STATEMENT OF FACTS

In March 2012, LSI Corporation ("LSI") filed a complaint in the U.S. International Trade Commission (the "ITC Action"), under 19 U.S.C. § 1337, naming Realtek, and others, as respondents and alleging Realtek's products infringed two patents owned by LSI related to wireless communications: U.S. Patent Nos. 6,452,958 and 7,079,567.

In June 2012, Realtek filed a complaint in the U.S. District Court for the Northern District of California ("Realtek's NDCal Action") alleging that LSI breached contractual obligations to Realtek, and others, by not offering Realtek a license to the patents that were asserted in the ITC Action on a reasonable and non-discriminatory basis. As part of its damages

---

[1] Pursuant to LCvR 7(m), counsel for Ms. Sundeen and counsel for Realtek met and conferred via teleconference on October 27, 2014 to discuss Ms. Sundeen's motion to quash, and the parties agreed to discuss the motion further. Subsequent to that meet and confer, counsel for Ms. Sundeen sent two emails to counsel for Realtek to request another meet and confer to discuss the merits of this motion, and to determine whether Realtek would oppose the motion. Cross Declaration, Exhibits C and D. No response was received, and counsel for Ms. Sundeen had no choice but to file this motion without further discussion with Realtek's counsel in order to ensure that the motion was timely filed before the date of the noticed deposition.

claims, Realtek asserted that it was entitled to the legal fees it expended in defending itself against LSI's allegations of patent infringement in the ITC Action.

Ms. Marcia Sundeen is a partner at the law firm of Kenyon & Kenyon LLP, and has specialized in intellectual property litigation before the ITC. Cross Declaration, Exhibit B. In early 2014, Ms. Sundeen was retained by LSI's counsel, Kilpatrick Townsend, as a testifying expert in Realtek's NDCal Action. Ms. Sundeen was retained to review Realtek's invoices for legal fees in connection with the ITC Action, provide an independent analysis and evaluation of Realtek's claims for legal fees in connection with its defense in the ITC Action, and offer opinions on whether Realtek's legal fees in the ITC Action were reasonable and whether Realtek took steps to mitigate its damages relating to the legal fees it incurred in the ITC Action.

In Realtek's NDCal Action, LSI submitted an expert report by Ms. Sundeen, in which Ms. Sundeen opined on whether Realtek's legal fees in defending the ITC Action were reasonable and provided expert testimony on the subject at a hearing. The opinions expressed by Ms. Sundeen were formed based, in part, on her review of information produced by Realtek in the ITC action and Realtek's NDCal Action, as well as publically available information.

In August 2012, Commonwealth Scientific and Industrial Research Organization filed suit against Realtek in the Eastern District of Texas (Civil Action No. 6:12-cv-578 (LED)) (the "Texas Action") for infringement of Commonwealth's U.S. Patent No. 5,487,069, titled "Wireless LAN." LSI, the party that retained Ms. Sundeen in Realtek's NDCal Action, is not a party to, or involved in, the Texas Action.

On October 8, 2014, Realtek, in connection with the Texas Action, served Ms. Sundeen with a subpoena for testimony issued from the Eastern District of Texas. Realtek's subpoena requested that Ms. Sundeen, who has not been retained as an expert in the Texas Action, appear

for deposition on November 4, 2014. The subpoena did not, however, identify the topics on which Realtek sought testimony from Ms. Sundeen. Based on a subsequent conversation between counsel for Ms. Sundeen and counsel for Realtek, it appears that Realtek is seeking testimony from Ms. Sundeen regarding the expert opinions she proffered on behalf of LSI in Realtek's NDCal Action. In particular, Realtek is apparently seeking to have Ms. Sundeen testify about the volume of Realtek's U.S. sales, which was information that Ms. Sundeen considered as part of her expert analysis in Realtek's NDCal Action in order to opine on the reasonableness of Realtek's legal fees in the ITC Action. However, Ms. Sundeen cannot offer fact testimony about the volume of Realtek's sales, because she has no firsthand knowledge of such sales. Realtek itself, of course, is the party that possesses information about its own sales. Thus, it appears that the subpoena is simply an improper attempt to obtain the expert opinion of an unretained expert.

## II.     ARGUMENT AND AUTHORITY

### A.     Ms. Sundeen Should be Afforded the Protections of Rule 45(d)(3)(B)(ii) As She Is An Unretained Expert

Federal Rule of Civil Procedure 45(d)(3)(B)(ii) allows a court, on timely motion, to quash or modify a subpoena it if " requires . . . disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by the party." Fed. R. Civ. P. 45(d)(3)(B)(ii); *see also Statutory Committee of Unsecured Creditors v. Motorola, Inc.*, 218 F.R.D. 325, 326 (D.D.C. 2003). This subparagraph of Rule 45 was added during the 1991 Amendments to recognize "[a] growing problem ... [of] the use of subpoenas to compel the giving of evidence and information by unretained experts," and to "provide appropriate protection for the intellectual property of the non-party witnesses...." *Schering Corp. v. Amgen Inc.*, Civil Action No. 98-97 MMS, Civil Action No. 98-98 MMS, 1998 U.S. Dist. LEXIS 13452, *6, (D. Del. August 4, 1998)(citing 1991

Advisory Committee Notes to Fed. R. Civ. P. 45).[2] This rule grants experts the opportunity to bargain for the value of their experts services. *Id.* "Accordingly, an unretained expert has the right to 'withhold their expertise, at least unless the party seeking it makes the kind of showing required for a conditional denial of a motion to quash . . .'" *Schering Corp.*, 1998 U.S. Dist. LEXIS at *6 (citing 1991 Advisory Committee Notes to Fed. R. Civ. P. 45).

The Court should quash Realtek's subpoena. Ms. Sundeen is not a proper fact witness in the Texas Action. She does not possess any facts or knowledge relevant to the Texas Action that are not already in the possession of Realtek; most, if not all, of the information Ms. Sundeen used in arriving at the opinions proffered in Realtek's NDCal Action were based off of information Realtek provided or in publically available resources. Rather, Ms. Sundeen is an unretained expert who proffered expert opinions in an unrelated matter and on unrelated subject matter—namely, whether Realtek's legal fees in an unrelated district court action were reasonable. Ms. Sundeen's opinions in Realtek's NDCal Action, and the underlying information, do not describe specific events or occurrences in dispute in the Texas Action. Moreover, Ms. Sundeen's opinions did not result from an expert study made at the request of any of the parties in the Texas Action, but on the request of a party, LSI, that is not involved in this litigation. It follows that Ms. Sundeen, as an unretained expert, should have a general right to withhold her expertise from Realtek in the Texas Action.

---

[2] The Court in *Schering Corp. v. Amgen Inc.* performed its analysis pursuant to Fed. R. Civ. P. 45(c)(3)(B)(ii), which was the former subsection of Rule 45 that addressed a motion to quash a subpoena seeking an unretained expert's opinion or information. In 2013, Rule 45 was amended so that subdivision (c) of this rule became subdivision (d) of Rule 45. Despite the change in subsections, the rationale for this language remains the same.

### B.     Realtek Cannot Show a Substantial Need for Ms. Sundeen's Testimony

Instead of quashing the subpoena, the Court may order Ms. Sundeen to testify only if Realtek, as the party seeking the testimony, can show a substantial need for the testimony or material that cannot be otherwise met without undue hardship.[3] Fed. R. Civ. P. 45(d)(3)(C)(i). In determining whether a court should exercise its discretion to allow compelled testimony of an unretained expert, district courts examine the following factors: (1) the degree to which the expert is being called because of his knowledge of facts relevant to the case rather than in order to give opinion testimony; (2) the difference between testifying to a previously formed or expressed opinion and forming a new one; (3) the possibility that, for other reasons, the witness is a unique expert; (4) the extent to which the calling party is able to show the unlikelihood that any comparable witness will willingly testify; and (5) the degree to which the witness is able to show that he has been oppressed by having to continually testify. *Kaufman v. Edelstein*, 539 F.2d 811, 822 (2d Cir.1976); *see also Larson v. Westlake Vinyls, Inc.*, Civil Action No. AW-07-421, 2007 U.S. Dist. LEXIS 29044, *12–13, (D. Md. Apr. 5, 2007).

Realtek has not shown (and cannot show) a substantial need for Ms. Sundeen's testimony that cannot be otherwise met without undue hardship. Ms. Sundeen has no direct knowledge of the fundamental facts of the Texas Action; nor does Ms. Sundeen have any direct knowledge of the volume of Realtek's sales. Any knowledge that Ms. Sundeen had about Realtek's U.S. sales volume during the ITC Action was the result of Ms. Sundeen's work as a retained expert for a party not involved in this litigation, and her review of documents and information that Realtek provided in Realtek's NDCal Action and the ITC Action. Moreover, to the extent that Ms. Sundeen relied on Realtek's sales information in reaching her opinions in the Realtek's NDCal

---

[3]     Realtek would also be required to ensure that Ms. Sundeen is reasonably compensated. Fed. R. Civ. P. 45(d)(3)(C)(ii).

Action, these documents would have been disclosed in Ms. Sundeen's expert report, which Realtek is in possession of.

If Ms. Sundeen is required to testify in the Texas Action, Ms. Sundeen would be required to form entirely new expert opinions (despite the fact that Realtek is putatively seeking her testimony as a fact witness). In Realtek's NDCal Action, Ms. Sundeen reviewed Realtek's sales information in order to opine on the reasonableness of Realtek's legal fees and claims for damages in that action. Here, in the Texas Action, Realtek apparently wants to examine Ms. Sundeen's knowledge concerning how Realtek's sales in the United States relate to issues of patent infringement. It would be impossible for Ms. Sundeen to substantively respond to Realtek's questions without reviewing Realtek's sales information anew, considering it in the patent context, and rendering new expert opinions—a task that Ms. Sundeen should not be required to do.

Ms. Sundeen does not possess any facts or knowledge that would make her a unique witness for Realtek. The information that Realtek is seeking from Ms. Sundeen—information concerning the volume of sales that Realtek imported into the United States—is factual information that is in the possession of Realtek itself. If Realtek would like expert testimony on this issue, Realtek should be required to retain its own expert, which after having an opportunity to review Realtek's sales information, could proffer its own expert opinions on Realtek's U.S. sales. There is nothing unique or special about Ms. Sundeen's expert opinion in this regard, and Ms. Sundeen should not be required to testify simply because Realtek is unwilling to review its own documents and/or hire its own expert. *See Bio-Technology General Corp. v. Novo Nordisk A/S*, No. 02-235-SLR, 2003 WL 21057238, *3 (D. Del. May 7, 2003) (denying request to take

the deposition of an unretained expert who "does not possess unique facts relevant to the case or subject matter that [party] cannot obtain from other retained experts").

Moreover, Ms. Sundeen is a partner at Kenyon & Kenyon LLP with an active professional schedule, and it would be extremely burdensome for her to have to participate in a deposition in a case in which she has no role, especially in view of the fact that the sought after discovery is not uniquely available from Ms. Sundeen.

### III.  CONCLUSION

For the reasons set forth above and on the authorities cited, Ms. Sundeen respectfully requests that this Court quash Realtek's subpoena for testimony in its entirety.

Dated: November 3, 2014

Respectfully submitted,

_____
Marcia Sundeen (D.C. Bar No. 370910)
Kenyon & Kenyon LLP
1500 K. Street N.W., Suite 700
Washington, D.C. 20005
Tel: (202) 220–4200
Fax: (202) 220–4201

*Attorney for Non-Party Marcia Sundeen*

*Of Counsel*:
John R. Hutchins
Kenyon & Kenyon LLP
1500 K. Street N.W., Suite 700
Washington, D.C. 20005
Tel: (202) 220–4200
Fax: (202) 220–4201